

# SUPREME COURT OF ARKANSAS

No. CR-13-246

| | |
|---|---|
| MARK DAVID JOHNSON<br>APPELLANT | **Opinion Delivered** December 5, 2013 |
| V. | APPEAL FROM THE DREW<br>COUNTY CIRCUIT COURT<br>[NO. CR-11-129-4] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DON GLOVER,<br>JUDGE |
| | <u>AFFIRMED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Mark David Johnson negotiated a plea of guilty in the instant case conditioned upon being sentenced by a jury. He now appeals his sentence to two consecutive terms of life imprisonment for murder in the first degree, a term of thirty years' imprisonment for attempted murder in the first degree, and a term of twenty years' imprisonment for battery in the first degree. Johnson argues on appeal that the circuit court erred in admitting certain 404(b) evidence in the sentencing phase and by failing to grant a mistrial after certain comments were made by the prosecutor during closing arguments. We find no error and affirm.

The pertinent facts are these. On October 4, 2010, Johnson's estranged wife, Heather Johnson, served him with divorce papers. Two days later, on October 6, 2010, Johnson crashed his Dodge pick-up truck into Heather's Jeep Cherokee. At the time of the collision,

Heather was in the back seat of her Jeep. The Jeep was being driven by Heather's friend, Shelly Paccio, and Paccio's niece, Austin Paccio, was riding on the passenger side. Austin was twenty years old and eight months' pregnant with a baby girl. As a result of the collision, Austin and her unborn daughter died. Both Heather and Shelly suffered serious injuries.

Johnson was charged in a felony information; however, a negotiated plea was entered before trial. He pled to two counts of murder in the first degree, one count of criminal attempt to commit murder in the first degree, and one count of battery in the first degree. The agreement allowed for a jury to determine his sentence. Therefore, a jury was empaneled, and a sentencing hearing was held to establish the factual circumstances of the crime for the jury and to address sentencing.

Johnson now appeals the sentence imposed; however, we do not find his arguments persuasive, and we affirm the sentence.

At the sentencing hearing, several witnesses testified on behalf of both the State and the defense. Testimony was presented from victims, witnesses, accident-reconstruction experts, and family and friends of both parties. Heather testified on behalf of the State. Her testimony revealed that, at the time of the collision, she was in the process of divorcing Johnson because she had caught him molesting her minor daughter. For his first point on appeal, Johnson asserts that the circuit court erred in allowing this evidence to be presented to the jury as it was not proper 404(b) evidence. However, this argument was not preserved with a contemporaneous objection.

SLIP OPINION

Although Johnson filed a pretrial motion regarding this testimony, and the objection was discussed at a pretrial hearing, the court never gave a definitive ruling. The court explained to counsel that it was generally the court's position that the sentencing phase is much different from the guilt phase and that sufficient testimony would be allowed to show motive, purpose, and "those kinds of things." However, the court specifically stated that it would proceed and "should a question be asked which the parties – – you certainly may make your objections at the time."

Johnson failed to object and make his record at the time that Heather gave testimony regarding the alleged molestation. A defendant's failure to make a contemporaneous objection to testimony prevents him from asserting on appeal any error on the part of the trial court for admitting the evidence. *See, e.g.*, *Hardman v. State*, 356 Ark. 7, 144 S.W.3d 744 (2004). Although a contemporaneous objection at trial is not required when the objection was made in the form of a motion in limine and was overruled, *see Banks v. State*, 2009 Ark. 483, 347 S.W.3d 31, the court here did not clearly overrule the objection and specifically told the parties that they may object at the time. Therefore, we do not reach this issue on appeal.

For his second point on appeal, Johnson argues that the circuit court erred by failing to grant him a mistrial because during the State's closing argument, comments made by the prosecuting attorney equated to discussing the defendant's choice not to testify. The State avers that the comments were simply an observation that none of the testimony presented demonstrated remorse on behalf of Johnson and were made in response to the defense

SLIP OPINION

claiming that Johnson exhibited remorse and had accepted responsibility for the crime. The State claims that it was not a comment in reference to Johnson not testifying as the appellant claims, and we agree with the State.

We have made it clear that a mistrial is a drastic remedy that should only be granted when justice cannot be served by continuing at trial, or when the error cannot be cured by an instruction or admonishment. *See Jackson v. State*, 368 Ark. 610, 249 S.W.3d 127 (2007). We have also explained that "some leeway is given to counsel in closing argument and that counsel are free to argue every plausible inference which can be drawn from the testimony." *Newman v. State*, 353 Ark. 258, 290, 106 S.W.3d 438, 459 (2003). Therefore, a circuit court is given broad discretion in controlling the arguments of counsel, such that, absent an abuse of that discretion, the court's decision will not be disturbed on appeal. *See Jackson*, 368 Ark. at 615–16, 249 S.W.3d at 130.

The prosecutor specifically commented during the State's closing arguments:

> He set out to do what he did. And what remorse have you heard for what was done? What remorse have you heard anybody express? None.

Johnson objected at that time and moved for a mistrial, arguing that the prosecutor's statement was a direct comment on Johnson's absolute constitutional right not to testify.

An allegedly improper comment on the defendant's failure to testify usually occurs during the prosecutor's closing argument, when the evidence is closed and the defendant's opportunity to testify has passed. *See Howard v. State*, 348 Ark. 471, 79 S.W.3d 273 (2002). Under those circumstances, a comment that draws attention to the defendant's failure to

testify is improper because it creates the risk that the jury will surmise that the defendant's failure was an admission of guilt. *See id.* Consequently, the comment has the effect of making the defendant testify against himself in violation of the Fifth Amendment. *See id.* Under the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, a defendant has the privilege of deciding whether to testify.

However, the comment here did not refer to Johnson's failure to testify. Rather, it referred to the State's observation that Johnson never expressed remorse to the witnesses that testified, not that he failed to express remorse to the jury. The State even questioned one witness specifically about Johnson's behavior in the moments right after the collision. The pawn-shop owner, Michael Keith Matthews, knew Johnson and was at the scene of the collision. Matthews testified that he was outside helping in the moments after the collision. His testimony was that Johnson, while in his presence, had not done anything to indicate he was concerned for the passengers in the vehicle—did not ask about them nor did he personally go over to them. The State had a right to comment on this in closing argument.

The facts presented to us in the instant case are similar to the facts in *Howard*, *supra*. In *Howard*, the prosecutor said the following during closing arguments:

> Ladies and Gentlemen, the only comment that I guess I would make on the Defendant's witnesses and its testimony, and I listened very carefully and even discussed it with Mr. Cooper. Did you ever once hear the word of remorse? Did you hear it just once? You've been here for four days ...

348 Ark. at 488–89, 79 S.W.3d at 284. The defendant objected to that statement, arguing that it was an improper comment on Howard's right not to testify. *See id.* While this court

SLIP OPINION



held that Howard did not seek further relief by moving for a mistrial or requesting an admonition to the jury, we went on to conclude that even had he done so, the comment did not refer to Howard's failure to testify and instead referred to the fact that he had never expressed remorse to the witnesses that testified. *See id*. We conclude the same in the instant case and affirm.

*Compliance with Rule 4-3(i)*

As previously noted, Johnson was sentenced to life imprisonment. Pursuant to Arkansas Supreme Court Rule 4–3(i), the record has been reviewed for all objections, motions, and requests that were decided adversely to Johnson, and no prejudicial error was found.

Affirmed.

BAKER and HART, JJ., concur.

**JOSEPHINE LINKER HART, Justice, concurring.** After Johnson pleaded guilty, the jury heard testimony related to sentencing. The State presented witness testimony that after the collision, Johnson exited the truck, removed from the truck his dog and a pack of cigarettes, sat down on some steps in front of a business thirty feet away, and never asked about the passengers in the other vehicle. Johnson in turn presented witness testimony to support his argument for a lighter sentence. During closing argument, defense counsel stated, "It was an accident. . . . And he's owned that. He pled guilty to it." The State, in its closing argument, remarked, "And what remorse have you heard for what was done? What remorse have you heard anybody express?" Johnson argues that the State's remark was an improper

comment on Johnson's failure to testify.[1]

Precedent from the United States Supreme Court clearly establishes that the prosecution cannot comment on a defendant's exercise of his constitutional privilege not to testify because such commentary acts as "a penalty imposed by the courts for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly." *Griffin v. California*, 380 U.S. 609, 614 (1965). It is also well established that this principle applies in sentencing proceedings. *Mitchell v. United States*, 526 U.S. 314 (1999); *see Estelle v. Smith*, 451 U.S. 454, 462–63 (1981).

In this case, the State referred to the absence of an expression of remorse from "anybody." Numerous cases from multiple jurisdictions have pondered whether a prosecutor's argument that there was no expression of remorse is a reference to a defendant's failure to testify. While the majority relies on *Howard v. State*, 348 Ark. 471, 79 S.W.3d 273 (2002) to support its conclusion that the State's remark was not improper, the case is distinguishable because there the State specifically referred to the failure of "the Defendant's witnesses" to testify about remorse. Thus, the case does not squarely answer whether the State's more general remark in this case, asking what "remorse have you heard anybody express," was an improper comment on Johnson's failure to testify.

More compelling is other precedent from this court and persuasive authority from the

---

[1]Johnson does not argue that the State used, for impeachment purposes, his silence at the time of arrest and after receiving *Miranda* warnings. *See Doyle v. Ohio*, 426 U.S. 610 (1976).

United States Eighth Circuit Court of Appeals. Based on these cases, the State's remark in this case was not improper because the remark may be naturally understood as an observation about Johnson's conduct after the collision, as a response to defense counsel's argument that it was an accident and that Johnson had "owned" it, and as reference to the failure of Johnson's witnesses to testify that Johnson had shown remorse. *See Jones v. State*, 340 Ark. 390, 401–03, 10 S.W.3d 449, 455–56 (2000) (holding that State's remarks during closing argument that the defendant did not show remorse was proper in view of evidence describing the defendant's conduct and statements after the murder and defense counsel's claim in closing argument that the defendant's murder of his wife was done in the heat of passion and that defendant loved his wife); *Edwards v. Roper*, 688 F.3d 449, 459–60 (8th Cir. 2012) (stating that the prosecutor's comment that the defendant had not "expressed" remorse to "anyone" was more naturally understood as a reference to the defendant's evidence at the penalty phase, where no witness testified that the defendant had expressed remorse).

Accordingly, I concur.

BAKER, J., joins in this concurrence.

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams* and *James W. Wyatt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.